SEYFARTH SHAW LLP
Michele J. Beilke (SBN 194098)
mbeilke@seyfarth.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@seyfarth.com
Alex W. Simon (SBN 310842)
asimon@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:  (213) 270-9601

Attorneys for Defendants
DEL MONTE CAPITOL MEAT COMPANY, LLC;
ALLEN BROTHERS 1893, LLC; THE CHEFS'
WAREHOUSE, INC.; AND THE CHEFS' WAREHOUSE
WEST COAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA PAREJA MARTINEZ, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEL MONTE CAPITOL MEAT COMPANY, LLC, a Delaware limited liability company; ALLEN BROTHERS 1893, LLC, a Delaware limited liability company; THE CHEFS' WAREHOUSE, INC., a Delaware corporation; THE CHEFS' WAREHOUSE WEST COAST, LLC, a Delaware limited liability company; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No. 3:26-CV-03267-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S INDIVIDUAL CLAIMS, DISMISS CLASS CLAIMS, AND STAY ACTION (INCLUDING REPRESENTATIVE COMPONENT OF PAGA CLAIM)**<br><br>(*Filed concurrently with Memorandum of Points and Authorities; Declarations of Sahand Feizi and Jennifer Farinha; and [Proposed] Order*)<br><br>Date:        July 9, 2026<br>Time:        10:00 a.m.<br>Courtroom:   8<br><br>Complaint Filed:  February 23, 2026 |

**TO PLAINTIFF LETICIA PAREJA MARTINEZ AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 9, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the Honorable Jacqueline Scott Corley, United States District Judge for the Northern District of California, Defendants Del Monte Capitol Meat Company, LLC; Allen Brothers 1893, LLC; The Chefs' Warehouse, Inc.; and The Chefs' Warehouse West Coast, LLC (collectively, "Defendants") will, and hereby do, move this Court for an order:

1.     Compelling Plaintiff Leticia Pareja Martinez ("Plaintiff") to arbitrate her individual claims, including the individual component of her claim under the California Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698–2699.5, on an individual basis before the American Arbitration Association in accordance with the terms of the parties' Arbitration Agreement;

2.     Dismissing Plaintiff's class claims (the First through Eighth Causes of Action, to the extent asserted on a class basis) pursuant to the express class action waiver in the Arbitration Agreement;

3.     Staying the non-individual representative component of Plaintiff's PAGA claim (the Ninth Cause of Action, to the extent it is asserted on behalf of other aggrieved employees) pending completion of arbitration of Plaintiff's individual claims, including the individual component of Plaintiff's PAGA claim; and

4.     Staying the remainder of this action pending completion of arbitration, pursuant to 9 U.S.C. § 3 and California Code of Civil Procedure § 1281.4.

This Motion is made on the grounds that:

1.     Plaintiff entered into a valid and enforceable Arbitration Agreement with Defendants: executed first on June 29, 2022, and again on October 21, 2022. The Arbitration Agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and is independently enforceable under the California Arbitration Act, Cal. Civ. Proc. Code § 1280 *et seq.*;

2.     The Arbitration Agreement, by its express terms, applies to claims against Plaintiff's employer and its affiliates, subsidiaries, and parent companies (*i.e.*, all Defendants) and, in any event, all Defendants may enforce the Arbitration Agreement as third-party beneficiaries, as agents of Plaintiff's

---

DEFENDANTS' NOTICE OF MOTION TO COMPEL ARBITRATION

employer, and under principles of equitable estoppel given Plaintiff's express joint-employer, alter-ego, integrated-enterprise, and agency allegations;

3.    The Arbitration Agreement covers all of Plaintiff's claims in this action;

4.    The Arbitration Agreement contains an express class action waiver and an express provision limiting arbitration to individual claims (precluding any representative or PAGA claim from being arbitrated on a representative basis), both of which are enforceable and require dismissal of Plaintiff's class claims and the splitting of her PAGA claim into its individual (arbitrable) and non-individual (stayed) components consistent with *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), and *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023); and

5.    A stay of this action pending arbitration is mandatory under 9 U.S.C. § 3 and *Smith v. Spizzirri*, 601 U.S. 472 (2024).

This Motion is based on this Notice of Motion and Motion; the concurrently filed Memorandum of Points and Authorities; the Declarations of Sahand Feizi and Jennifer Farinha and the exhibits attached thereto; the [Proposed] Order; the pleadings, records, and files in this action; and on such further evidence and argument as may be presented at or before the hearing on this Motion.

DATED: June 4, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: Alex Simon

Michele J. Beilke
Julia Y. Trankiem
Alex W. Simon
Attorneys for Defendants
DEL MONTE CAPITOL MEAT COMPANY, LLC; ALLEN BROTHERS 1893, LLC; THE CHEFS' WAREHOUSE, INC.; AND THE CHEFS' WAREHOUSE WEST COAST, LLC

3

DEFENDANTS' NOTICE OF MOTION TO COMPEL ARBITRATION